# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

MIDDLESEX, ss

| | | |
|---|---|---|
| VIRAK P. KIMKHNAL, | ) | |
| | ) | |
| *Plaintiff* | ) | C.A. NO. 14-1373 |
| | ) | |
| *vs.* | ) | COMPLAINT |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, AS TRUSTEE FOR, | ) | |
| CARRINGTON MORTGAGE LOAN | ) | |
| TRUST, SERIES 2005-NC5 | ) | |
| | ) | |
| *Defendant* | ) | |
| | ) | |

## **INTRODUCTION**

1.      This complaint seeks a declaratory judgment that an alleged Assignment of Mortgage, of the Plaintiff's mortgage loan as referenced herein, from New Century Mortgage Corporation ("New Century"), by Carrington Mortgage Services, LLC ("Carrington"), under limited Power of Attorney, to Defendant, Deutsche Bank National Trust Company, as Trustee for, Carrington Mortgage Loan Trust, Series 2005-NC5 ("Deutsche") is void and that, as a result, Deutsche was not the valid mortgagee at all times relevant to a foreclosure sale on Plaintiff's property.

2.      As grounds set forth the Plaintiff alleges that the Mortgage relevant to the facts as stated herein was given by Plaintiff to The New York Mortgage Company, LLC and no Assignment of said Mortgage exists assigning said Mortgage to New Century in accordance with Massachusetts Law and that the "Assignment of Mortgage" from New Century failed to assign said Mortgage to Deutsche.

3. As such, New Century, having never been assigned said mortgage in accordance with Massachusetts Law, had nothing to assign to Deutsche, and said Assignment is void.

4. Further, Deutsche's exercise of the statutory power of sale contained in said Mortgage, through Carrington as servicer, subsequent to said void Assignment, was not valid and also void.

5. Moreover, Deutsche's foreclosure auction, through its servicer, Carrington Mortgage Services, LLC, was also subsequently void.

6. Additionally, the subsequent eviction action by Deutsche is also void, as Deutsche lacks standing to bring such an action subsequent to a void foreclosure.

7. Plaintiff further alleges that Defendant Deutsche is not now the current owner of the Property because the Foreclosure Deed purporting to grant the Property to them is null and void.

8. The Plaintiff prays that this Honorable Court declare said Assignment and subsequent foreclosure sale to be void, enjoin the Defendant from proceeding with any eviction action against Plaintiff or her tenants, pending a determination by this Court verifying the validity of the underlining sale, quiet the title of said property by declaring Plaintiff Virak P. Kimkhnal the sole owner, and award money damages to Plaintiff.

**JURISDICTION AND VENUE**

9. This Honorable Court has subject matter jurisdiction as the subject property at issue is located at 616-618 Stevens Street, Lowell, MA 01851, the Plaintiff resides at said subject property, and Defendant Deutsche Bank conducted all of the acts alleged herein in the State of Massachusetts.

10. Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Massachusetts.

11. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a. Mass. Gen. Laws ch. 244, § 14 wherein the Defendant did wrongfully advertize and conduct a foreclosure in violation of said statute.

    b. Mass. Gen. Laws ch. 244, § 35A wherein the Defendant did cause to be sent and published statutorily mandated notices asserting authority to foreclose by an "Assignment of Mortgage" that was void.

    c. Mass. Gen. Laws ch. 244, § 35C(d) wherein the Defendant did make statements to a Massachusetts State court related to foreclosure or compliance with said statute, in writing, that they knew or should have known were false, including, but not limited to, the validity of the Assignment of the Plaintiff's Mortgage.

    d. Mass. Gen. Laws ch. 183, § 21 wherein the Defendant exercised the power of sale contained in a mortgage while not being the mortgagee or its assign.

## PARTIES

11. Plaintiff Virak P. Kimkhnal is a citizen of Massachusetts residing at, and claims to be the rightful owner of 616-618 Stevens Street, Lowell, MA 01851 which is the "subject property" referenced herein.

12. Defendant, Deutsche Bank National Trust Company ("Deutsche") is located at 7575 Irvine Center Drive, Irvine, CA 92618. Deutsche Bank is the Trustee for the certificate holders of Carrington Mortgage Loan Trust, Series 2005-NC5.

## FACTS

13. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

14.     Plaintiff Virak P. Kimkhnal is a citizen of Massachusetts residing at, and claims to be the rightful owner of 616-618 Stevens Street, Lowell, MA 01851 which is the "subject property" referenced herein.

15.     On or about April 29, 2005, Plaintiff purchased said subject property for Three Hundred Ninety Thousand and 00/100 Dollars ($390,000.00) with Thirty Nine Thousand 00/100 Dollars ($39,000.00) of her own funds as down payment and was given a mortgage loan of Three Hundred Fifty One Thousand and 00/100 ($351,000.00) by The New York Mortgage Company, LLC (Exhibit 1), for the balance of funds required to complete said purchase.

16.     The Deed granting the property to Plaintiff was recorded on April 29, 2005 in the Middlesex County North Registry of Deeds in Book 18687, at page 276. The Mortgage was recorded on April 29, 2005 in the Middlesex County North Registry of Deeds in Book 18688, at page 1.

17.     Sometime after being granted said mortgage loan, Carrington Mortgage Services, LLC (Carrington) became the servicer of Plaintiff's mortgage loan.

18.     On March 2, 2011, New Century, by Carrington under limited Power of Attorney, assigned Plaintiff's Mortgage, given by her to The New York Mortgage Company, LLC as noted above, to Defendant Deutsche. Said Assignment was recorded in the Middlesex North Registry of Deeds in Book 24847, at page 270, on March 17, 2011. (Exhibit 2) In said Assignment, New Century claims to be the "present holder of a real estate mortgage from Virak Pichchintra Kimkhnal to The New York Mortgage Company, LLC".

19.     Plaintiff alleges that there is no assignment of record in the Middlesex North Registry of Deeds or elsewhere, demonstrating that The New York Mortgage Company, LLC assigned its

right, title or interest in the Mortgage given to them by Plaintiff as referenced herein, to New Century and as such New Century's assignment to Deutsche is void.

20.     Sometime after being granted said mortgage, Plaintiff experienced financial hardship which caused her to be unable to make her mortgage payments.

21.     On May 24, 2011, Defendant Deutsche's motion for judgment to foreclose pursuant to a complaint to determine military status was granted by the Commonwealth of Massachusetts Land Court. Said complaint/judgment was recorded in the Middlesex North Registry of Deeds on November 10, 2011. (Exhibit 3)

22.     In said complaint Defendant Deutsche made a statement to the court that they "ha[ve] an interest in a mortgage with the statutory power of sale given by Virak Pichchintra Kimkhnal to The New York Mortgage Company, LLC, dated April 29, 2005 recorded or filed at Middlesex County (Northern District) Registry of Deeds Book 18688 Page 1". Defendant also made a statement in said complaint that it was the "holder of said mortgage". Plaintiff alleges that both of those statements were false and Defendant Deutsche knew or should have known the falsity of said statements.

23.     In May 2011, the Law Firm of Stanton & Davis sent Plaintiff notice they had been retained by Defendant Deutsche to foreclose Plaintiff's mortgage.

24.     On June 29, 2011 Carrington and Deutsche sold Plaintiff's subject property at foreclosure auction to Deutsche Bank National Trust, as Trustee for Carrington Mortgage Loan Trust, Series 2005-NC5, for $202,300.00.

25.     The Foreclosure Deed, transferring Plaintiff's rights in the subject property to Deutsche and said Trust, was recorded in the Middlesex North County Registry of Deeds on November 10, 2011, in Book 25427, at Page 164. (Exhibit 4)

26. At present, subsequent to Deutsche's void and wrongful purchase of Plaintiff's rightful property, at Deutsche and Carrington's void and wrongful foreclosure auction, Defendant Deutsche now seeks to wrongfully evict Plaintiff and her tenants from their rightful property, pursuant to Executions on Judgment for Summary Process, in the Massachusetts Housing Court, docket numbers 12H77SP003518 and 12H77SP003517, respectively. (Exhibit 5)

27. Plaintiff alleges New Century's Assignment of the Mortgage she gave The New York Mortgage Company, LLC was void and without force and effect as New Century was not the "present holder" of said mortgage at the time of assignment and thus had nothing to assign.

28. Plaintiff further alleges that the subsequent foreclosure actions by Carrington and Defendant Deutsche, and the pending eviction actions by Defendant Deutsche are subsequent to void assignment, and thus are also void and without force and or effect.

## COUNT I
## DECLARATORY JUDGMENT

31. Plaintiff repeats and incorporates by reference all paragraphs above as if fully articulated herein.

32. Defendant Deutsche, instituted a non-judicial foreclosure proceeding and foreclosure sale to foreclose on a mortgage secured by the subject property which mortgage was originally granted to The New York Mortgage Company, LLC.

33. "Specific to the mortgage context, a void mortgage assignment is one in which the putative assignor "never properly held the mortgage and, thus, had no interest to assign." *Culhane*, 708 F.3d at 291. We have also found that a party who challenges a mortgage assignment on the grounds that the assignor was but a nominee for the mortgage holder and "never possessed a legally transferable interest" in the mortgage alleges a void, as opposed to merely voidable, assignment. *Woods*, 733 F.3d at 354 (applying Massachusetts law).

7

The common thread running through *Culhane* and *Woods* is the allegation that the foreclosing entity had no right to foreclose, as it had never become the mortgage holder in the first place." (*Wilson v. HSBC*, 13-1298 (1st Cir. 2013)).

34. New Century failed to validly assign the subject Mortgage to Deutsche because there exists no Assignment from the original Lender, The New York Mortgage Company, LLC, to New Century. As such New Century had nothing to assign to Deutsche and said Assignment is void

35. Defendant Deutsche exercised the Power of Sale without the requisite legal authority pursuant to a valid written "Assignment of Mortgage" from The New York Mortgage Company, LLC, in violation of Mass. Gen. Laws ch. 183, § 21.

36. The resulting foreclosure sale was wrongful, without legal effect and is void.

37. Defendant Deutsche, acting by and through their attorney Stanton & Davis, caused to be sent and published statutorily mandated notices pursuant to Mass. Gen. Laws ch. 244, § 14 and 35A asserting authority to foreclose by an "Assignment of Mortgage" that was not valid and was void.

38. Said notices did not meet the statutory requirements and are void and without legal effect, Foreclosures conducted based on improper mailed or published legal notices are wrongful, void, and without legal effect.

39. Defendant Deutsche, acting by and through their attorney Stanton & Davis, represented to the Land Court, that they had authority to exercise powers of sale based on an "Assignment of Mortgage" that they knew or should have known was not valid and void at the time of their representations, in violation of Mass Gen. Laws 244, § 35C(d). The Defendant's misrepresentations result in void judgments of the Land Court.

40. Absent valid written "Assignment of Mortgage" prior to notice required by Mass. Gen. Laws ch. 244, § 35A and/or 244, § 14, foreclosure sale is void, wrongful, and improper under Massachusetts law.

41. The foreclosure sale conducted by Carrington or Deutsche is also void as against public policy.

42. The Plaintiff, Virak P. Kimkhnal, has suffered damages and loss of her property as a direct result of the conduct of the Defendants.

43. The Plaintiff, Virak P. Kimkhnal, is entitled to a declaratory judgment determining that the foreclosure sale of her Property is void and that she is still the owner of the Property.

## COUNT TWO
## QUIET TITLE

44. Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

45. The Plaintiff claims ownership and title to the Property from a Deed granting the property to Plaintiff was recorded on April 29, 2005 in the Middlesex County North Registry of Deeds in Book 18687, at page 276. The Mortgage was recorded on April 29, 2005 in the Middlesex County North Registry of Deeds in Book 18688, at page 1.

46. The Defendant Deutsche claims ownership and title to the Property from a Foreclosure Deed recorded in the Middlesex North County Registry of Deeds on November 10, 2011, in Book 25427, at Page 164.

47. Defendant Deutsche instituted a non-judicial foreclosure proceeding and foreclosure sale to foreclose on a mortgage as to the Property which mortgage was originally granted to The New York Mortgage Company, LLC.

48. Defendant Deutsche was required to maintain legal standing in connection with the subject Mortgage and to validly foreclose by showing the entire chain of title of the Note and the entire chain of title of the Mortgage. U.S. Bank National Assoc. v. Ibanez, SJC 10694 (January

7, 2011) citing In re Parish, 326 B.R. 708, 720 (Bank. N. D. Ohio 2005). ("If the claimant acquired the note and mortgage from the original lender or from another party who acquired if from the original lender, the claimant can meet its burden of proof through evidence that traces the loan from the original lender to the claimant.").

49. New Century failed to validly assign the subject Mortgage to Deutsche because there exists no Assignment from the original Lender, The New York Mortgage Company, LLC, to New Century. As such New Century had nothing to assign to Deutsche and said Assignment is void

50. Defendant Deutsche exercised the Power of Sale without the requisite legal authority pursuant to a valid written "Assignment of Mortgage" from The New York Mortgage Company, LLC, in violation of Mass. Gen. Laws ch. 183, § 21.

51. The resulting foreclosure sale was wrongful, without legal effect and is void.

52. Defendant Deutsche, acting by and through their attorney Stanton & Davis, sent and published statutorily mandated notices pursuant to Mass. Gen. Laws ch. 244 14 and 35A asserting authority to foreclose by an "Assignment of Mortgage" that was not valid and was void.

53. Said notices did not meet the statutory requirements and are void and without legal effect, Foreclosures conducted based on improper mailed or published legal notices are wrongful, void, and without legal effect.

54. Defendant Deutsche, acting by and through their attorney Stanton & Davis, represented to the Land Court, that they had authority to exercise powers of sale based on an "Assignment of Mortgage" that they knew or should have known was not valid and void at the time of their representations, in violation of Mass Gen. Laws 244, § 35C(d).  The Defendant's misrepresentations result in void judgments of the Land Court.

55. Absent valid written "Assignment of Mortgage" prior to notice required by Mass. Gen. Laws ch. 244, § 35A and/or 244, § 14, foreclosure sale is wrongful and void under Massachusetts law.

10

56. The foreclosure sale conducted by Deutsche is also void as against public policy.

57. The Plaintiff, Virak P. Kimkhnal, has suffered damages and loss of her property as a direct result of the conduct of the Defendants.

58. The Plaintiff, Virak P. Kimkhnal, is entitled to a declaratory judgment that the foreclosure sale of her Property is void and a judgment quieting the title the Property and declaring that she is still the owner of the Property.

### COUNT III
### BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

59. Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

60. As the entity purportedly exercising the statutory power of sale contained in the subject mortgage as referenced herein, the Defendant Deutsche, owed the Plaintiff a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

61. By conducting foreclosure proceedings without a valid "Assignment of Mortgage" the Defendant Deutsche, violated this duty.

62. The Plaintiff was damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to workout her mortgage delinquency, imposition of inappropriate foreclosure fees and costs on her account, significant imposition of attorneys fees in defense of foreclosure and eviction, and extreme emotional distress. The Defendant conduct as alleged herein is the direct cause of Plaintiff's damages.

63. The Plaintiff is entitled to a declaratory judgment determining that the foreclosure sale of her property is void.

64. The Plaintiff is entitled to an injunction requiring that the Defendants take all steps necessary to restore to Plaintiff the legal title to the property as if no foreclosure sale had ever occurred

65. The Plaintiff is entitled to an injunction preventing the foreclosure sale of her property or any eviction action taken by the Defendants until such time as proper notice is made pursuant to statute.

66. The Plaintiff is entitled to cancellation costs and fees assessed to her for wrongful foreclosure, together with additional damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the following relief:

i. Declare that the purported "Assignment of Mortgage" from New Century to Deutsche is invalid, without force and effect, and is void, and failed to transfer title to said Mortgage Deutsche;

ii. That the Land Court Complaint be declared void;

iii. That the Housing Court Complaints against Plaintiff and her tenants be declared void;

iv. That the any foreclosure sale conducted by Carrington and/or Deutsche be declared void;

v. That the Foreclosure Deed recorded by Carrington and/or Deutsche be declared void;

vi. Injunctive relief staying Deutsche from proceeding with any eviction actions against the Plaintiff and/or her tenants;

vii. Declare that the Plaintiff Virak P. Kimkhnal is the owner of the Subject Property;

viii. Award the Plaintiff money damages from Defendant for all monetary damages including, but not limited to, attorneys' fees and such further relief as is just and equitable;

ix. Award Plaintiff emotional distress damages;

x. Award Plaintiff punitive damages; and

xi. Award Plaintiff such other relief this Court deems fair and just.

Dated:  March 13, 2014

Respectfully Submitted,

_____
Todd S. Dion, Esq. (BBO #659109)
1599 Smith Street
North Providence, RI 02911
Telephone: 401-649-4330
Facsimile:  401-649-4331
toddsdion@msn.com